UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MITCHELL KEITH GOODRUM, | Case No. 3:23-cv-00472-ART-CSD |
| Plaintiff, | ORDER |
| v. | |
| STATE OF NEVADA, et al., | |
| Defendants. | |

Plaintiff Mitchell Goodrum brings this civil-rights action under 42 U.S.C. § 1983 to redress constitutional violations that he allegedly suffered while incarcerated at Northern Nevada Correctional Center. (ECF No. 6). On October 15, 2024, this Court ordered Goodrum to file an amended complaint by November 14, 2024. (ECF No. 16). That was the second extension of time the Court granted Goodrum to file an amended complaint. (ECF No. 10). The Court warned Goodrum this action could be dismissed if he failed to timely file an amended complaint. (*Id.* at 20). The second deadline to amend has expired and Goodrum did not file an amended complaint, move for an extension, or otherwise respond.

**I.     DISCUSSION**

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. *See Carey v. King*, 856 F.2d 1439, 1440–41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987)

1  (dismissal for failure to comply with court order). In determining whether to
2  dismiss an action on one of these grounds, the Court must consider: (1) the
3  public's interest in expeditious resolution of litigation; (2) the Court's need to
4  manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy
5  favoring disposition of cases on their merits; and (5) the availability of less drastic
6  alternatives. *See In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217,
7  1226 (9th Cir. 2006) (quoting *Malone*, 833 F.2d at 130).

   The first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket, weigh in favor of dismissal of Goodrum's claims. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

   The fifth factor requires the Court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the Court's need to consider dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before* the party has disobeyed a court order does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002). Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). Because this action cannot realistically proceed until Goodrum files an amended complaint, the only alternative is to enter a third order setting another deadline. But the reality of repeating an ignored order is that it often only delays the inevitable and squanders the Court's finite resources. The circumstances here do not indicate that this case will be an exception. Setting

another deadline is not a meaningful alternative given these circumstances. So the fifth factor favors dismissal.

## II.   CONCLUSION

Having thoroughly considered these dismissal factors, the Court finds that they weigh in favor of dismissal. It is therefore ordered that this action is dismissed without prejudice based on Mitchell Goodrum's failure to file an amended complaint in compliance with this Court's July 18 and October 15, 2024, orders. The Clerk of Court is directed to enter judgment accordingly and close this case. No other documents may be filed in this now-closed case. If Goodrum wishes to pursue his claims, he must file a complaint in a new case and either pay the required filing fee or apply for *in forma pauperis* status.

It is further ordered that Goodrum's application to proceed *in forma pauperis* (ECF No. 4) is denied as moot.

Dated this 25th day of November, 2024.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE